IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:10CR00080 |
| | ) | Civil Action No. 7:20CV81437 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| GEORGE THEODORE FITZGERALD, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

George Theodore Fitzgerald, through counsel, has moved to vacate one of his federal convictions under 28 U.S.C. § 2255. For the following reasons, the motion will be dismissed without prejudice as successive.

In December of 2010, Fitzgerald was named in a two-count information that charged him with conspiring to commit racketeering, in violation of 18 U.S.C. § 1962(d), and with using, carrying, and discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Fitzgerald waived indictment and entered pleas of guilty to both counts of the information, pursuant to a written plea agreement.

Fitzgerald appeared for sentencing on July 15, 2011. During the hearing, the court adopted the presentence report prepared by the United States Probation Office and determined that Fitzgerald possessed a total offense level of 35 and criminal history category of IV. Those calculations gave rise to an advisory guideline range of imprisonment of 235 to 240 months for the conspiracy offense charged in Count One of the information. Fitzgerald also faced a mandatory consecutive term of imprisonment of at least ten years for the firearm offense charged in Count Two. See 18 U.S.C. § 924(c)(1)(A)(iii). The court granted a substantial assistance motion filed by the government and sentenced Fitzgerald to a total term of imprisonment of 276

months.  The government subsequently filed a motion for further reduction under Federal Rule of Criminal Procedure 35(b).  The court granted the motion and reduced Fitzgerald's sentence to 264 months.

On July 18, 2012, Fitzgerald filed a motion to vacate his convictions under 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel.  The government moved to dismiss Fitzgerald's claims on the merits, arguing that he failed to state a claim of ineffective assistance.  On March 18, 2013, the court granted the government's motion to dismiss and denied Fitzgerald's motion.

On June 24, 2020, Fitzgerald filed the instant motion under § 2255, arguing that his § 924(c) conviction should be vacated in light of the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319, 2336 (2019) (holding that the residual clause of § 924(c)(3)(b) is unconstitutionally vague).  Fitzgerald noted in the motion that an application for leave to file a second or successive § 2255 motion had been filed with the United States Court of Appeals for the Fourth Circuit.  Accordingly, the court stayed further action on the § 2255 motion pending a decision by the appellate court.  On March 8, 2021, the Fourth Circuit issued an order denying Fitzgerald's application.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a federal district court may consider a second or successive § 2255 motion only upon certification from the appropriate court of appeals that the motion meets certain criteria.  28 U.S.C. § 2255(h).  "In the absence of pre-filing authorization . . . , the district court lacks jurisdiction to hear a successive § 2255 motion."  United States v. Joy, 585 F. App'x 33, 34 (4th Cir. 2014) (citing 28 U.S.C. § 2244(b)(3)).  Because Fitzgerald was denied authorization to file a second or successive motion

by the Fourth Circuit, the court must dismiss the pending motion without prejudice for lack of jurisdiction.  An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This __12th__ day of March, 2021.

_____
Senior United States District Judge